**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GANG WANG,<br><br>           Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>           Respondent. | No. 11-70309<br><br>Agency No. A099-370-020<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 7, 2014
Pasadena, California

Before: NOONAN and BERZON, Circuit Judges, and SABRAW, District Judge.[**]

Gang Wang, a native and citizen of the People's Republic of China, appeals

the decision of the Board of Immigration Appeals ("BIA") denying his applications

for asylum, withholding of removal, and relief under the Convention Against

Torture ("CAT") based on the immigration judge's ("IJ") adverse credibility

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Dana M. Sabraw, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

determination. We have jurisdiction under 8 U.S.C. § 1252. We grant Wang's petition and remand it to the BIA for further review.

Because Wang filed his application after May 11, 2005, Wang's petition is governed by the credibility and corroboration standards set forth in the REAL ID Act of 2005. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). The BIA's factual findings are reviewed for substantial evidence, while questions of law are reviewed de novo. *Zhang v. Gonzales*, 408 F.3d 1239, 1244 (9th Cir. 2005).

Our review "is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (internal quotation marks omitted). The BIA reviewed the IJ's adverse credibility determination for clear error and expressly adopted two of the findings the IJ articulated in support of that determination.[1] They include perceived discrepancies between Wang's testimony and that of his former classmate Erchi Zhang concerning the manner in which the banned books were mailed, as well as

---

[1] While the IJ found other perceived discrepancies in Wang's case, we consider only those factors that the BIA expressly adopted and relied upon. At oral argument, counsel for the Attorney General confirmed that the government relies on only the two inconsistencies that the BIA expressly adopted and that we discuss here.

purported inconsistencies between Wang's testimony and a photograph taken at the time of his arrest.

Considering the hearing transcript and Wang's asylum application together, we conclude that the BIA's credibility findings are not supported by substantial evidence.

First, the IJ attached special import to Wang's statement during his testimony that Zhang had sent the books "without the cover[s]." The IJ presumed from Wang's statement that Zhang had "tor[n] the covers off the book[s] and the title pages," and concluded that there was a discrepancy because Zhang did not testify to such details. There is no basis in the record for the IJ's assumption and, as the record indicates, Zhang's testimony about mailing the books was not inconsistent with Wang's testimony about receiving the books. Zhang stated that he did not remember exactly how he packaged the books, but that he "filled [the package] properly" and "took care of it." The IJ asked Zhang a follow-up question as to what other "precautions" he had taken, which Zhang answered by explaining that he had called Wang to warn him about the package. After this response, in which Zhang did not expressly rule out having taken further precautions, the IJ did not press the issue further.

Insofar as Zhang's testimony appeared ambiguous or inconsistent with Wang's testimony, the IJ should have afforded Wang an opportunity to address the perceived inconsistency before making an adverse credibility finding. *See Guo v. Ashcroft*, 361 F.3d 1194, 1200 (9th Cir. 2004); *He v. Ashcroft*, 328 F.3d 593, 602 (9th Cir. 2003). The IJ did not.

The IJ also found that Wang was not credible on the basis of three alleged inconsistencies between Wang's testimony and a photograph taken during Wang's arrest. The first two perceived inconsistencies—Wang's recollection of the relative height of the officers and what Wang wore to work on the day of his arrest—are manifestly trivial details upon which a negative credibility finding cannot be based. *See Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011) ("[A]n inconsistency must not be trivial and must have some bearing on the petitioner's veracity."). The third perceived inconsistency arose from the IJ's belief that, because the picture was taken after the officers had confiscated the books and escorted Wang out of the building, but before they "reached the car," the banned books should have been in the photograph. The IJ, however, ignored Wang's testimony that he did not know where the books were placed after the officers arrested him, and his supposition that they "might [have] be[en] in the car" with the driver. Moreover, considering that the police vehicle was directly behind the

-4-

officers and the ground is not visible from the photograph, there are myriad explanations for why the books are not in the photograph. Accordingly, this purported inconsistency is nothing more than baseless speculation as to what the Chinese authorities would have done with these books when arresting Wang. *See Ge v. Ashcroft*, 367 F.3d 1121, 1125 (9th Cir. 2004).

Under the totality of the circumstances, the BIA's adverse credibility determination unreasonably relied upon details that are trivial in comparison to the consistent, credible testimony Wang gave when describing his arrest, interrogation, and detention. As none of the BIA's proffered reasons constitutes substantial evidence supporting the adverse credibility determination, and there is not a "reasonable prospect from the administrative record that there may be additional reasons upon which the IJ or BIA could rely," Wang's testimony shall be deemed credible on remand. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1094-95 (9th Cir. 2009).

**Petition for review GRANTED and REMANDED.**

*Wang v. Holder*, No. 11-70309

SABRAW, District Judge, concurring in part and dissenting in part:

I agree that the two findings adopted and relied upon by the BIA to support the IJ's adverse credibility determination are not supported by substantial evidence, and thus, the case should be remanded. I respectfully disagree, however, that Wang's testimony should be "deemed credible" on remand, a restrictive measure that should be employed sparingly and not under the circumstances here. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (when reversing the BIA, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation").

Indeed, "no other circuit has adopted this 'deemed credible' rule." *Soto-Olarte v. Holder*, 555 F.3d 1089, 1093 (9th Cir. 2009). *See, e.g.*, *Castaneda-Castillo v. Gonzales*, 488 F.3d 17, 24-25 (1st Cir. 2007) (en banc) ("The suggestion may be made . . . that remand gives the agency a second bite at the apple. The short answer is that, outside criminal prosecutions governed by double jeopardy principles, second bites are routine in litigation. If the agency decision is flawed by mistaken legal premises, unsustainable subsidiary findings, or doubtful reasoning, remanding to give the agency an opportunity to cure the error is the ordinary course."); *Li v. INS*, 453 F.3d 129, 136 (2d Cir. 2006) (similar); *Elzour v.*

-1-

*Ashcroft*, 378 F.3d 1143, 1154 (10th Cir. 2004) (similar). "[I]n any case in which there are doubts about whether there may be other grounds for rejecting credibility, we should not restrict the BIA or an IJ." *Soto-Olarte*, 555 F.3d at 1095. I have such doubts, particularly where the IJ referenced other discrepancies in the testimony and counsel for the Attorney General did not have an opportunity to address those matters, or any other potential discrepancies in the record, either in its briefing or at oral argument.